# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **WALTER RICHARD RIVES,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:23-cv-01659-RDP-SGC |
| **JOHN Q. HAMM,** *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On September 20, 2024, the Magistrate Judge entered a Report and Recommendation recommending the court deny the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 because it was not timely filed. (Doc. 3). The Report and Recommendation further recommended a certificate of appealability be denied. (*Id.*). Petitioner Walter Richard Rives timely objected to the Report and Recommendation. (Doc. 4).

According to the brief in support of the § 2254 petition (Doc. 2), Petitioner was charged in state court with one count of sexual abuse of a child under 12—his great, great niece, T.S. The evidence at his October 2019 jury trial included testimony that Petitioner squeezed T.S.'s breasts and pulled her toward him by groping her groin while riding with her on an all-terrain vehicle. Other witnesses also testified that T.S. disclosed this information to them. In addition, the State offered testimony that Petitioner sexually abused two other minors approximately 35 years before the trial (the "Other Acts Evidence"). Petitioner's trial counsel objected to this evidence, asserting that it was inadmissible under Alabama Rules of Evidence 403 and 404(b); however, the Other Acts Evidence was admitted over those objections. Petitioner was convicted and ultimately sentenced to 20 years in prison. His conviction was affirmed by the Alabama Court of Criminal Appeals in August 2020. He did not appeal to the Alabama Supreme Court.

In October 2021, Petitioner filed a petition for post-conviction relief pursuant to Alabama Rule of Criminal Procedure 32, claiming his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner contended that even though trial counsel objected to the introduction of the Other Acts Evidence, trial counsel (1) did not challenge the State's need for the Other Acts Evidence to prove motive (because, he argued, the State did not need to prove motive) and (2) did not object to the admission of the Other Acts Evidence as violative of Petitioner's due process rights under the Fifth and Fourteenth Amendments. Petitioner argued the admission of the Other Acts Evidence resulted in such a lack of fundamental fairness at trial that the trial was rendered unfair by his counsel's ineffective under *Strickland*.

The state trial court dismissed Petitioner's Rule 32 petition because (1) it found the performance of Petitioner's trial counsel fell within the range of "reasonably effective assistance" under *Strickland* and (2) further, the claim of ineffective assistance of counsel could have been, but was not, raised in either a post-trial motion or Petitioner's direct appeal. The Alabama Court of Criminal Appeals affirmed the dismissal of the Rule 32 petition, and the Alabama Supreme Court denied Petitioner's petition for a writ of certiorari.

Petitioner filed this § 2254 petition in December 2023. (Doc. 1). The petition was referred to a magistrate judge for preliminary review pursuant to 28 U.S.C. § 636(b) and Rule 4 of the *Rules Governing Section 2254 Habeas Cases*.

Petitioner's brief in support of the petition candidly acknowledges the petition is untimely but argues the court should consider the petition pursuant to the actual-innocence exception. (Doc. 2 at 17). In considering this argument, the Magistrate Judge concluded the actual-innocence exception contemplates the submission of "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not

presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). (Doc. 3 at 8). Here, Petitioner offers no new evidence; instead, he insists he would not have been convicted of the underlying charges if the state trial court had excluded the Other Acts Evidence. Petitioner, however, cites no cases expanding the actual-innocence exception to matters where the petitioner argued evidence was improperly admitted. Accordingly, the Magistrate Judge concluded the actual-innocence exception does not apply to Petitioner's claims.[1] (Doc. 3 at 9).

The Magistrate Judge also concluded that even if improperly admitted evidence can open the actual-innocence gateway, Petitioner failed to show that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See, e.g.*, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). At trial, T.S. testified Petitioner groped her, and other witnesses testified T.S. disclosed this to them. The Magistrate Judge concluded this evidence was sufficient for a jury to conclude Petitioner was guilty, and so Petitioner failed to raise "sufficient doubt about [his] guilt to undermine confidence in the result of the trial" as required by *Schlup*. (Doc. 3 at 9-10). Accordingly, the Magistrate Judge recommended the court deny the petition as time-barred and deny a certificate of appealability. (Doc. 3 at 10).

In his objection, Petitioner restates that he is factually innocent of the underlying charges and asserts the Other Acts Evidence "was a necessary quantum of evidence for the jury to convict" him. He does not, however, cite any authority recognizing that a court may consider an untimely petition based on an allegation that evidence was improperly admitted. Nor does he address head on the Magistrate Judge's conclusion that a reasonable jury could have found him guilty even without the Other Acts evidence.

---

[1] *See also Prince v. Sec'y, Dep't of Corr.*, No. 3:18-CV-269-J-39PDB, 2020 WL 1332143, at *7 (M.D. Fla. Mar. 23, 2020) ("Petitioner claims evidence was improperly admitted by the trial court, and he should have been given the opportunity to challenge the evidence through a motion to suppress. This does not satisfy the *Schlup* standard. Thus, Petitioner may not satisfactorily invoke the actual-innocence-gateway exception.").

On its face, Petitioner's petition demonstrates it was filed outside the statute of limitations established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Petitioner has acknowledged this. Petitioner's objection does not provide any authority that contradicts the Magistrate Judge's conclusion that his claims are insufficient to pass through the actual-innocence gateway. Further, the other testimony at trial was sufficient for a reasonable jury to conclude Petitioner was guilty of the underlying charges.

After careful consideration of the record in this case, including the Magistrate Judge's report, the court **OVERRULES** the objection (Doc. 4), **ADOPTS** the Report, and **ACCEPTS** the recommendation (Doc. 3). Consistent with that recommendation, Petitioner's claims will be denied and dismissed as time-barred, and a certificate of appealability will be denied. A separate order will be entered.

**DONE** and **ORDERED** this October 17, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE